UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSE CARLOS MORENO-ABOYTES ,

Defendant.

Case No. 26-CR-20124-TC

# MEMORANDUM AND ORDER

What does the Government need to do before a detention hearing? Can the Government come to a detention hearing ignorant of readily obtainable evidence and then, when the Court denies its motion to detain, simply obtain that evidence and seek to reopen the hearing? Because judicial economy is not served by such a practice, the answer is no.

This matter comes before the Court on the Government's Motion to Reopen Detention Hearing (Dkt. 28). The Government requests the Court reopen the detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because there is new information that was not known to the Government at the time of the detention hearing that has a material bearing on the issue of release. Mr. Moreno-Aboytes filed a response (Dkt. 30) and the Government filed a reply (Dkt. 31). For the reasons explained below, the Government's motion is denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

Mr. Moreno-Aboytes is charged with one count of reentry of a previously removed alien in violation of 8 U.S.C. § 1326(a) under an Indictment filed September 30, 2026. Dkt. 9. Count 1 charges Mr. Moreno-Aboytes with reentry after he was deported, removed, and excluded from the

United States on or about July 8, 2024; he failed to obtain the express consent of either the Attorney General or the Secretary of Homeland Security to reapply for admission into the United States; and he was then found in the United States after knowingly and voluntarily reentering.

Mr. Moreno-Aboytes was arrested on September 13, 2026 by the Kansas City, Kansas police on a failure to appear warrant for a Kansas City, Kansas municipal court case. Dkt. 1, ¶ 14. Mr. Moreno-Aboytes was then arrested on the federal reentry charge on September 15, 2026. Dkt. 1, ¶ 15. A Complaint was filed on September 18, 2026. Dkt. 1. At his September 21, 2026 initial appearance on the Complaint, the Government moved for detention and the hearing was continued to October 5, 2026. Dkt. 6. In the interim, a grand jury returned the Indictment at issue on September 30, 2026. Dkt. 9.

At the October 5, 2026 detention hearing, the Government moved to detain Mr. Moreno-Aboytes under both provisions of 18 U.S.C. § 3142(e). The Government did not contend there was a rebuttable presumption in the case. No witness testimony was presented at the detention hearing by the Government or Mr. Moreno-Aboytes. The Court took judicial notice of the Pretrial Services Report and, at the Government's request, of the Complaint. The Government offered one exhibit into evidence, a Notice of Immigration Bond Breached dated August 20, 2019. Dkt. 28-1. The Court also heard the arguments of counsel for both the Government and Mr. Moreno-Aboytes.

One of the Government's arguments for detaining Mr. Moreno-Aboytes was that he had an outstanding 2024 Kansas City, Kansas municipal warrant for domestic battery/child endangerment charges. When the Court inquired whether the Government knew anything about the circumstances of the 2024 arrest of Mr. Moreno-Aboytes, the Government responded that it did not have more information.

At the conclusion of the hearing, the Court denied the Government's motion for pretrial detention, finding there are conditions of release that will reasonably assure Mr. Moreno-Aboytes's appearance as required and the safety of others and the community and ordering Mr. Moreno-Aboytes released on conditions.[1] With regard to the 2024 municipal charges mentioned by the Government, the Court stated at the detention hearing:

> So that leads me to the consideration of his arrest in 2024 for the aggravated endangering of a child and domestic battery charges, which is what I was most interested in hearing about today. The criminal record doesn't . . . indicate really anything about the offenses, it just says "referred to prosecutor." I'm not even sure if a criminal case is pending. It appears to be, but I don't know any of the details about what happened or anything related to that other than that the alleged victims were his significant other and then his now 3-year-old.[2]
>
> * * *
>
> I was somewhat hopeful that at this hearing I would hear more about what had happened, as I said, in the domestic battery/child endangerment charges, but I don't have any additional facts and the Government hasn't presented any additional facts on those. So in terms of what I'm required to consider under the Bail Reform Act, I've got to -- that's all I can go on.[3]

The Government then made an oral motion to stay the release order to allow for a potential appeal to the District Judge. In response to Mr. Moreno-Aboytes's objection that the Government had not shown it was likely to prevail on appeal, the Government argued that "there can be additional compelling arguments filed in the appeal once obtaining more information on that Kansas City, Kansas municipal court case in particular that . . . I don't have right now. That can make our arguments more -- more persuasive and can make the Government prevail on appeal."[4]

---

[1] As there was a pending ICE detainer, Mr. Moreno-Aboytes would have been released into ICE custody.

[2] Oct. 5, 2026 Det. Hrg. Tr. (Dkt. 33) at 27:18–28:2.

[3] Tr. 28:18–24.

[4] Tr. 37:6–11.

The following colloquy ensued:

> The Court: I don't think additional facts should be introduced. I mean, additional arguments is one thing. But, if you have more facts, I have been sitting here waiting for them. I came in today hoping to hear more about that municipal case and -- and this -- I mean, his initial appearance was September 16th. You've had plenty of time.
>
> The Government: Your Honor, the district court's review on appeal is *de novo*. So I -- technically, legally I could present additional facts. Now, whether the judge on – on review reviews them or not is obviously up to him or her on whether they accept them. But getting -- I -- I could get those additional facts and present them on appeal if the stay were granted and then the appeal and we go through that process.
>
> So their -- their review is de novo, so I -- I could get that additional information. And I didn't present it today because I don't have it, that's -- that's my point in that I think it would be more persuasive and lend towards a stronger argument -- argument for the Government to prevail in regards to that factor that [defense counsel] cited.[5]

The Court granted the Government's oral motion to stay the release order and stayed the Order and the Order Setting Conditions of Release until October 6, 2026, to allow the Government time to file a potential appeal of the order to the assigned District Judge. The Court also entered its written Order Denying Motion for Pretrial Detention (Dkt. 15) further explaining the reasons for its decision. Pertinent here, the Court explained its consideration of Mr. Moreno-Aboytes's arrest in 2024 in Kansas City, Kansas on two counts of Aggravated Endangering of a Child and Domestic Battery, noting:

> The only factor under Section 3142(g)(3)(A) that the Court could even conceivably find weighing in favor of detention is his criminal record in light of the 2024 arrest for domestic battery and endangering a child. But the Government presented no information about the facts of that case, and there was uncertainty as to its status at the detention hearing. Without more information, and without there being a conviction of that offense, the Court finds his criminal record likewise to weigh in favor of release.[6]

[5] Tr. 37:13–38:9

[6] Order (Dkt. 15) at 9.

The day after the detention hearing, on October 6, 2026, the Government filed a motion to review and revoke the release order. Dkt. 17. The Government attached three new exhibits it had not presented at the detention hearing: a Kansas City Kansas Police Department Field Case Report with an April 29, 2024 report date (Exhibit 2), and two Kansas City, Kansas municipal court "MuniCourt.Net" docket sheets with a "9/17/26" access date (Exhibits 3 and 4). The Government argued the information presented in these exhibits shows Mr. Moreno-Aboytes poses a danger to the community and his release order should be revoked.

On October 13, 2026, District Judge Crouse entered an Order denying the Government's motion to review and revoke the release order "without prejudice to the Government seeking to reopen the detention hearing before the Magistrate Judge and to either party seeking review of any resulting order." Dkt. 27. The Government filed its motion to reopen detention on October 16, 2026. Dkt. 28.

## II. THE GOVERNMENT'S MOTION TO REOPEN THE DETENTION HEARING

The Government argues the detention hearing should be reopened pursuant to 18 U.S.C. § 3142(f)(2) because there is new information that was not known to it at the time of Mr. Moreno-Aboytes's initial detention hearing that has a material bearing on the issue of release. The Government asserts the new information is from the Kansas City, Kansas municipal court police report, which contains more details regarding the 2024 domestic battery/child endangerment charges against Mr. Moreo-Aboytes.[7] The Government states the police report was not in its possession and it did not know the substance of the report at the time of the October 5, 2026

[7] Ex. 2 to the Government's Motion to Reopen Detention (Dkt. 28-2).

detention hearing.[8] The Government states it does not have access to Kansas City, Kansas Municipal Court police reports absent a records request or law enforcement obtaining them. It subsequently obtained the police report from an officer.

Mr. Moreno-Aboytes argues the Government knew that he had been arrested and charged at the time of the detention hearing. As a result, it also knew that a police report existed. While the Government may not have known the details contained within that report, it could have known the contents of the report by simply obtaining it and reviewing it. Mr. Moreno-Aboytes also points out the Government had 17 days after the Complaint was filed but before the detention hearing to obtain the police report. He argues the Government's knowledge of the report's existence, but decision to not request and review it before the hearing, should not qualify as "information that was not known to the movant" under 18 U.S.C. § 3142(f)(2). He argues to hold otherwise would allow the Government to proceed with a detention hearing without doing the work to carry its burden; then, if it loses, give it the opportunity to do the work it should have originally done, and try again to detain a defendant. In other words, such a holding would give the Government two bites at the apple.

### A. Legal Standard for Reopening a Detention Hearing

A defendant may be detained pending trial if the court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[9] The court may make such a finding only after

---

[8] The Government apparently obtained the document after the October 5 detention hearing and before noon the next day in order to provide it to the District Judge.

[9] 18 U.S.C. § 3142(e)(1).

holding a hearing under Section 3142(f).[10] In making its decision, the court must consider the following four factors: the nature and circumstances of the charges, the weight of the evidence, the defendant's history and characteristics, and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."[11] The government has the burden of proving by a preponderance of the evidence that the defendant presents a risk of flight and by clear and convincing evidence that he presents a danger to the community.[12]

Under 18 U.S.C. § 3142(f)(2), a detention hearing may be reopened if the court finds:

> that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Tenth Circuit has held the district court may reopen the detention hearing if it finds that "(1) new information exists that was unknown to the movant at the time of the initial detention hearing; and (2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of the community."[13] It has further stated that the purpose of reopening a detention hearing under Section 3142(f) is "to give the moving party an opportunity to present evidence that was unavailable at the initial detention hearing."[14] Cases in this District have held that the "new

---

[10] *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

[11] 18 U.S.C. § 3142(g).

[12] *Cisneros*, 328 F.3d at 616.

[13] *United States v. Dermen*, 800 F. App'x 665, 669 (10th Cir. 2020).

[14] *Id*.

information" provision of Section 3142(f) "has been interpreted strictly so as to deny a reopening where the evidence relied upon was available at the initial detention hearing."[15]

Cases from other districts have explained the rationale for denying a Section 3142(f) motion based upon new information that was unknown but available to the movant at time of the initial detention hearing:

> There are very few proceedings in federal practice which encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held. Generally, reconsideration of a decided matter based on the presentation of additional evidence requires good cause for the failure to present that evidence initially. . . . A rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice.
>
> Moreover, detention hearings are an important part of criminal proceedings. It is significant to a defendant when the court orders that he or she spend all pretrial time incarcerated—time that ranges from four months to several years depending on the complexity and events of the case. . . . Motions on the part of the government to detain a person pending trial should be viewed as a serious matter. Therefore, when the government makes repeated motions for detention because it has initially failed to present evidence that was readily obtainable, the process appears "stacked" or "rigged." The government should not be allowed to schedule seriatim hearings for detention until it "gets it right."[16]

Here, the Court agrees with the rationale of the cases that require the "new information" be unavailable to the movant at the time of the initial detention hearing. Allowing the Government to reopen a detention hearing based on its assertion the new information was merely "not known" to it at the time of the initial detention hearing encourages piecemeal presentations and provides little incentive for the Government to present all pertinent information at the initial detention hearing. This hearing is where the information can be fully and robustly examined and argued by

---

[15] *United States v. Keo*, No. 22-40061-HLT, 2023 WL 7161159, at *3 (D. Kan. Oct. 31, 2023); *United States v. Schneider*, No. 07-10234-01-MLB, 2008 WL 11396795, at *4 (D. Kan. Apr. 21, 2008); *United States v. Whittenmyer*, Case No. 00-40024-14-SAC, 2001 WL 968406 at * 3 (D. Kan. Jul. 6, 2001).

[16] *United States v. Flores*, 856 F. Supp. 1400, 1406 (E.D. Cal. 1994) (internal citations omitted).

the parties, and considered by the Court in making the detention decision. It would also essentially grant the Government a do-over to present information that it should have known to investigate before the detention hearing.[17] For these reasons, the Court applies the stricter "unavailable" standard for "new information" the Government offers for reopening detention under Section 3142(f).

**B. Findings**

After review of the briefing and referenced exhibits, the Court finds the information from the police report the Government now relies upon was available to the Government at the time of the initial detention hearing and is therefore not grounds to reopen the detention hearing. Prior to the detention hearing, the Government should have been alerted to the need to obtain more information regarding Mr. Moreno-Aboytes's domestic battery/child endangerment municipal charge. The Complaint, filed on September 18, 2026, alleges that Kansas City, Kansas, police arrested Mr. Moreno-Aboytes on April 29, 2024 for "domestic battery and aggravated endangering a child. The Domestic battery charge is pending in Kansas City, Kansas municipal court case no.V00062687-2."[18] This two-year-old charge was listed as "Referred to Prosecutor" on Mr. Moreno-Aboytes's criminal history report and was not buried on a long list of charges to be investigated; the criminal history report only listed five non-immigration-related adult entries.

The Government's statements at the detention hearing also reflect that it was well aware of the 2024 municipal domestic battery/child endangerment charges against Mr. Moreno-Aboytes.

---

[17] *See United States v. Munguia*, No. 3:19-CR-191-B (03), 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020) (Section 3142(f)'s mechanism for reopening detention hearing is not properly employed as a vehicle for granting a do-over to present evidence that a defendant knew [or should have know that] he could have investigated – and now wishes he had run down – before the detention hearing").

[18] Crim. Compl. (Dkt. 1) at ¶ 10.

When the Court specifically asked the Government for more information on these charges, the Government candidly admitted it did not have any additional information but offered no explanation why it had not requested and obtained the information prior to the detention hearing. Nor did the Government request a short continuance of the detention hearing to obtain the police report. Clearly, the nature of the charges should have merited some investigation before the hearing. But the Government instead apparently relied upon its ability to appeal the detention decision by submitting the new evidence it failed to present at the initial detention hearing. In arguing it would prevail on its appeal of the release order, the Government announced its intent to rely upon the new factual information it planned to obtain about Mr. Moreno-Aboytes's municipal charge to make more compelling and persuasive arguments to the District Judge on appeal. The Court again reminded the Government if it had more facts about the municipal charge, it was "sitting here waiting for them."[19]

The Court finds the "new" information obtained from the police report was fully available to the Government at the time of the detention hearing. The 2024 report was created more than two years before the detention hearing. The Government was able to obtain a copy of it within 24 hours of the October 5, 2026 detention hearing. And it had plenty of time to do so before the detention hearing. Mr. Moreno-Aboytes was arrested on September 18 and his first appearance was held on September 21, 2026. This was two weeks before his October 5 detention hearing. The Government admits it had the two public municipal docket sheets (Exhibits 3 and 4) showing the charges at the time of the detention hearing. Those documents themselves have a September 17, 2026 access date.[20] The Government had sufficient time to request and review the police report

---

[19] Tr. 37:16–17.

[20] The Government clarifies in its reply that substance of Exhibits 3 and 4 were referenced at the October 5, 2026 detention hearing, but the exhibits themselves were not presented. The Government states

prior to the detention hearing. The Court finds the information from the police report was available to the Government at the time of the detention hearing and is therefore not a basis for reopening the detention hearing under Section 3142(f)(2).

As the Court finds the first requirement for reopening the detention hearing under Section 3142(f)(2) has not been met, the Court need not address the second requirement, *i.e.*, whether the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure the defendant's appearance at trial and the safety of the community.

IT IS THEREFORE ORDERED that the Government's Motion to Reopen Detention Hearing (Dkt. 28) is DENIED.

Dated November 2, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

it had Exhibits 3 and 4 at the time of the detention hearing and referenced the charge and the failure to appear in its argument. Its reason for attaching Exhibits 3 and 4 now is for corroboration of the charged incident referenced in Exhibit 2 because defense counsel argued at the detention hearing the conduct may or may not even be a charged case. Dkt. 31.